UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SANTOS MARTINEZ** | § § § | |
| **Plaintiff,** | § § § | |
| v. | § § | CIVIL ACTION NO. 3:22-cv-1189 |
| **FIRSTFLEET, INC. and ANTWANE GLASS** | § § § | (removed from Dallas County Court at Law No. 4, Cause No. CC-21-03724-D) |
| **Defendants.** | § § | |

## DEFENDANTS FIRSTFLEET, INC. AND ANTWANE GLASS' NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Notice is hereby given that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants FirstFleet, Inc. and Antwane Glass ("Defendants") hereby remove this action from the Dallas County Court of Law No. 4 in Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division, and would respectfully show the Court as follows:

### I.   PARTIES

1.    Plaintiff Santos Martinez ("Martinez") is an individual residing in the state of Texas. For purposes of diversity, Martinez is a citizen of Texas.

2.  Defendant FirstFleet, Inc. ("FirstFleet") is a Tennessee corporation that, at all relevant times, has maintained its principal place of business in Tennessee. For purposes of diversity, FirstFleet is a citizen of Tennessee.[1]

3.  Defendant Antwane Glass ("Glass") is an individual residing in the state of Georgia. For purposes of diversity, Glass is a citizen of Georgia.

## II.   STATE COURT ACTION

4.  This matter arises from a motor vehicle accident that occurred on July 27, 2021, in Dallas County, Texas. As a result of the accident, Plaintiff is bringing claims of negligence and gross negligence against Defendants.

5.  On August 31, 2021, Plaintiff filed his Original Petition in the Dallas County Court at Law No. 4 in Dallas County, Texas, styled *Santos Martinez v. FirstFleet, Inc., Antwane Glass, and Home State County Mutual Insurance Company.*, CC-21-03724-D (the "State Court Action").

6.  FirstFleet was served with process on September 14, 2021. FirstFleet filed its Original Answer on February 23, 2022.

7.  Glass was served with process on September 28, 2021. Glass filed his Original Answer on February 23, 2022.

8.  Prior Defendant Home State County Mutual Insurance Company ("Home State") was served with process of September 9, 2021. Home State filed its answer on October 28, 2021.

---

[1]   28 U.S.C. § 1332(c)(1).

**9.** On May 2, 2022, Plaintiff voluntarily filed its Notice of Non-Suit of all of Plaintiff's claims against Home State in accordance with Rule 162 of the Texas Rules of Civil Procedure. Accordingly, as of May 2, 2022, Home State is no longer a party to this proceeding.

**10.** According to the Texas Department of Insurance, Home State is a Texas insurance company with its principal place of business in Texas. Because Home State is a Texas citizen, this matter was not originally removable for lack of complete diversity.

**11.** Although this case was not removable when originally filed, Plaintiff's voluntary dismissal of Home State from the case subjects the lawsuit to removal based on complete diversity of the parties and the amount in controversy.[2]

**12.** With this Notice of Removal, Defendants FirstFleet and Glass remove the State Court Action to this Court on the basis of diversity jurisdiction, as more fully described below.

### III.   BASIS FOR REMOVAL

**13.** The State Court Action is removable pursuant to 28 U.S.C. § 1441(a)-(b) and 28 U.S.C. § 1332(a)(1). This matter is a civil dispute between citizens of different states. There is and was at all relevant times (including at the time of filing of the States Court Action, service of the Original Petition, Plaintiff's Notice of Non-Suit, and the filing of this Notice of Removal), complete diversity between the current parties in this Action.

---

[2]   28 U.S.C. § 1332(b)(3).

14. The amount in controversy in this lawsuit exceeds $75,000, exclusive of interest and costs, as evidenced by the Paragraph 3, page 2 of Plaintiff's Original Petition. In his Original Petition, Plaintiff seeks to recover monetary relief over more than $1,000,000.

15. Accordingly, because Plaintiff and the remaining Defendants are citizens of different states and the amount in controversy exceeds $75,000, this Court has original jurisdiction and removal of this matter to federal court is proper.

16. Venue is proper in this Court under 28 U.S.C. § 1441(a) because the district and division of this Court includes Dallas County, Texas, the location where Plaintiffs filed their State Court Action.

## IV.  COMPLIANCE WITH REMOVAL REQUIREMENTS

17. This Notice of Removal is timely filed under 28 U.S.C. § 1446. This Notice of Removal is filed within thirty days of May 2, 2022, the date Plaintiff filed its Notice of Non-Suit of Home State. This Notice of Removal is filed within one year of the filing of the Original Petition.

18. In accordance with 28 U.S.C. § 1446(d), written notice of this removal will be promptly given to Plaintiff, through his counsel of record, and a copy of this Notice will be filed with the clerk of court where the State Court Action is pending.

19. By filing this Notice of Removal, FirstFleet and Glass do not intend to waive any defenses they may have to Plaintiff's claims.

## V.  CONCLUSION

Defendants FirstFleet, Inc. and Antwane Glass, therefore, request the Court accept jurisdiction over this lawsuit for the reasons set forth above and grant it such other and further relief at law and in equity to which they may be justly entitled.

Respectfully submitted,

/s/ Mark S. Scudder
**MARK S. SCUDDER**
State Bar No. 17936300
**RYAN T. FUNDERBURG**
State Bar No. 24101776
**QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, TX 75201
214.871.2100
214.871.2111 Facsimile
mscudder@qslwm.com
rfunderburg@qslwm.com

**ATTORNEYS FOR DEFENDANT FIRSTFLEET, INC. AND ANTWANE GLASS**

## CERTIFICATE OF SERVICE

On June 1, 2022, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Mark S. Scudder*
**MARK S. SCUDDER**